14187

CAIN v. WHITLOCK

(182 S. E., 752)

*Messrs. Dalziel & Whitehead,* for appellant,

*Mr. John O. Green,* for respondent,

December 9, 1935.

The opinion of the Court was delivered by MR. CHIEF JHSTICE STABLER.

In February, 1933, the plaintiff brought this action against the defendant in the Civil Court of Florence. She alleged that in 1932 she delivered to H. L. Whitlock a check made payable to her by the Woodmen of the World for $1,028.00; that her deceased husband, David Cain, had been a member of that organization; and that this sum of money represented the amount of insurance carried in the society by him, and to which she was entitled as beneficiary at his death. She further alleged that it was understood between her and Whitlock, at the time the check was delivered to him by her, that he was to have it cashed and to turn over to her out of the proceeds $500.00 in cash and to convey to her by deed the house and lot where she then lived; that the defendant received the check and obtained the $1,028.00, but failed and refused to deliver to the plaintiff the $500.00 in cash and to execute the deed to the premises named in accordance with the agreement between them. Judgment for $1,028.00, with interest, was asked for.

Whitlock by his answer admitted that the plaintiff delivered to him the check which the Woodmen of the World had sent her, but denied all other material allegations of the complaint. As a further defense, he alleged that David Cain became totally disabled about 1914, and remained in that condition until his death in 1931 or 1932; that the plaintiff, realizing the helplessness of her husband's condition, and desiring to make some provision for their support, on January 14, 1914, transferred to the defendant by her written assignment, for the consideration named in such paper, all her right, title, and interest in and to the certificate of insurance; that the defendant had performed the agreement in all respects and was, therefore, entitled to the whole

amount of the insurance; and that the check was indorsed and delivered to him in payment thereof.

The written contract of assignment executed by Mrs. Cain stated the following consideration: That Whitlock had advanced to her the sum of $500.00; that he would promptly pay thereafter, during the life of David Cain, all membership dues that might accrue to the Woodmen of the World under the beneficiary certificate and the rules and regulations of the brotherhood; and that he would provide for her and her husband, up to an amount not exceeding $1,000.00, means of livelihood according to their necessities.

It is agreed that the issues presented by the testimony on trial were "clear cut." The plaintiff contended, and so testified, that there was a failure of the consideration named in the written contract, and that such contract had been superseded by a subsequent oral agreement between her and the defendant, as alleged in the complaint. The defendant relied solely on the terms of the written assignment. The jury found for the plaintiff $850.00; and from Judge Sharkey's order refusing a new trial, the defendant excepts and brings error. We will consider the questions, three in number, as stated and argued by appellant's counsel.

First. Did the case involve a question of title to real estate? It is conceded that if the complaint is so construed, the Civil Court of Florence was without jurisdiction to try the cause. We think; however, that Judge Sharkey, in disposing of this ground of defendant's motion for a new trial, was right in holding that the complaint did not state a cause of action for specific performance of a contract to convey real estate, but that the cause of action alleged was one for money had and received. As to the allegation—relied on by counsel for defendant as sustaining his contention—that there was an agreement on the part of the defendant to deliver to the plaintiff a deed to the house and lot where she then lived, the Court correctly held

that "this allegation was merely incidental to and in explanation of the reason why the plaintiff was entitled to recover the amount of money represented by the check delivered by plaintiff to the defendant." Furthermore, it is pointed out that counsel for plaintiff stated on trial of the case that specific performance was not sought by the action, but that plaintiff was suing only for the recovery of the $1,028.00, which the defendant wrongfully withheld from her.

Second. The plaintiff testified that Whitlock never paid any of the membership dues or provided her and her husband with any of the necessities expressed as a part of the consideration of the contract of assignment. She also stated, over objection of defendant's counsel, that the appellant never paid her the $500.00 referred to in the contract as having been advanced by him to her. It is contended that this was error for the reason that the plaintiff acknowledged receipt of payment of this sum of money, and that her testimony, therefore, was directly opposed to the terms of the written assignment.

We think the testimony was properly admitted. The general rule is that the recitals of a written instrument with respect to the consideration are not conclusive, and this applies to an assignment and a want or failure of consideration either in whole or in part, may be shown by parol testimony. Of course, this cannot be done where the consideration is contractual in its nature. This rule likewise applies to a receipt. If the receipt is a mere recital or admission of money paid, it may be shown by extrinsic evidence that the money was not as a matter of fact paid; but in so far as a receipt embodies the elements of a contract, the parol evidence rule is applicable.

In the case at bar, the defendant offered testimony to establish the allegations of his answer that he had performed in all respects the written agreement, which included the alleged advance payment by him to the plaintiff of $500.00. The plaintiff sought to show that he had failed to do this.

It is true that she had acknowledged in the written assignment that she had been paid this money; but this was not, as we have said, conclusive but was a mere admission or recital of such payment that could be contradicted by parol testimony. A proper analysis of the written contract leads to this conclusion.

Third. When R. R. Whitlock, a witness for the defendant, was on the stand, he was asked on direct examination if he knew anything about the attempted assignment of the beneficiary certificate, and he stated that he did; that his father "showed it to me and told me." At this point counsel for the plaintiff objected on the ground that it was a self-serving declaration. The Court then observed, "I don't know what it is going to be by his statement"; and the witness responded, "I was going to say what was on the policy." The trial Judge thereupon ruled that anything that the witness might have found written on papers in the possession of the defendant would be inadmissible. It is argued that this was error for the reason that "it being a written instrument, merely in defendant's custody, it could not have been a self-serving declaration."

We cannot say, from what appears in the record, whether the witness was about to testify to a declaration that was self-serving or not. Nor can we say that the exclusion of the testimony did the defendant any harm. We do say, however, if there was anything written on the policy which the appellant desired the Court and the jury to know, the writing was the best evidence. It does not appear that the defendant offered to produce the certificate or gave any reason at the trial why he could not do so. This assignment of error is without merit.

The exceptions are overruled and the judgment of the Court below is affirmed.

MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.

MR. JUSTICE BAKER was disqualified.